# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DYQUAWN L. NORTHERN,<br><br>Defendant. | Case No. 13-CR-62-2-JPS<br><br>**ORDER** |

**1.     BACKGROUND**

On July 13, 2020, Defendant filed a motion for compassionate release due to COVID-19, as well as several follow-up motions to supplement the record with articles about COVID-19 and its effects on his prison facility. ECF Nos. 262, 282, 283, 285, 286, 287, 289. The Court referred the matter to Federal Defender Services, which declined to file a supplement on behalf of Defendant. ECF Nos. 263, 271. The Court then ordered the Government to respond, ECF No. 274, which it did, ECF No. 278. The Government also filed a motion to seal various documents, which the Court will grant. ECF No. 277. Without further briefing on the matter, the Court finds that there is a sufficient record on which it may deny Defendant's motion.

**2.     FACTS**

Defendant is currently serving a sentence for conspiracy to distribute one kilogram or more of heroin causing death, with a release date of April 5, 2023.[1] When Defendant filed his motion, he was detained at the Federal

---

[1] Although Defendant states that his expected release date is March 3, 2024, ECF No. 262 at 3, the Court defers to information available from the Bureau of Prisons. *See* Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited June 27, 2022).

Correctional Facility in Elkton, Ohio ("FCI-Elkton"), which was the subject of some media coverage regarding its poor response to the COVID-19 outbreak. Towards the end of 2020, Defendant was transferred to, and is currently detained at, the Federal Correctional Institution Fort Dix ("FCI Fort Dix") in New Hanover Township, New Jersey.

In his submissions, Defendant asks the Court to release him from prison on two grounds. First, he explains that he is at an increased risk of severe COVID-19 due to his history of asthma, which requires an albuterol inhaler on an as-needed basis. Initially, FCI-Elkton denied Defendant a refill of his inhaler. When Defendant contracted COVID-19 in July 2020, it appears that he requested an inhaler. However, he did not receive one. His medical report indicates that "no wheezing [was] noted. Afebrile. Resp[eration] easy and unlabored." ECF No. 278-1 at 3. In September 2020, Defendant was transported to FCI Fort Dix, which also suffered from severe and uncontrolled outbreaks of COVID-19. Once there, he received a refill of his inhaler. However, Defendant is extremely wary of contracting COVID-19 again given his asthma. He noted that FCI Fort Dix, as with FCI-Elkton, suffers from a lack of fresh air circulation, adequate masks and sanitation protocol, and the ability to distance from other inmates. Rather, inmates were often housed three to a cell.

The second ground for Defendant's requested relief is the status of his fiancée, Latisha Brookshire ("Brookshire"). Brookshire received a diagnosis of multiple sclerosis in 2014, and she is wheelchair bound. She is the mother of Defendant's children. Defendant explains that she requires his around-the-clock care.

Page 2 of 8
Case 2:13-cr-00062-JPS    Filed 06/27/22    Page 2 of 8    Document 290

As of June 27, 2022, FCI Fort Dix reports that zero inmates and four staff members have active cases of COVID-19.[2] Two inmate deaths have been reported, and 1,472 inmates and 129 staff have recovered from the virus.[3]

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United*

---

[2]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited June 27, 2022).

[3]*Id.*

*States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii). The Sentencing Guidelines also explain that "extraordinary and compelling reasons" may arise in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 cmt.1(C).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Relatedly, prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Thus, pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4.     ANALYSIS**

The Court acknowledges that Defendant's history with asthma may put him at an increased risk of severe COVID-19. However, in the past year, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[4] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[5]

---

[4] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[5] *See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

In the Seventh Circuit, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). However, given the emergence of different COVID-19 strains and their varying abilities to evade vaccine-conferred immunity, a court must consider "the applicant's individualized arguments and evidence." *United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022).

An individualized look at Defendant's case instructs that compassionate release is not appropriate at this juncture, based on the facts that the Court currently has. Defendant's asthma, while concerning, did not appear to have any negative effect when he contracted COVID-19. Defendant is now fully vaccinated from the COVID-19 virus, and he is equipped with the inhaler that FCI-Elkton denied him. While breakthrough infections are common, the infection rate at FCI Fort Dix is currently low. Unlike his co-defendant, Derrick Ford, who suffered from diabetes, hypertension, and obesity, Defendant does not allege to suffer from any of these aggravating conditions.

Defendant's arguments that he is the only person who can provide care to Brookshire, who requires around-the-clock care, may be the subject of a second motion for compassionate release. As explained above, the Sentencing Guidelines envision compassionate release if Brookshire were

incapacitated, and either the sole caregiver of Defendant's minor children, or if Defendant is the "only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt.1(C). Defendant has alleged that Brookshire, the mother of his children, is wheelchair bound and requires around-the-clock care. It is unclear if anyone is available to provide her with the care that she requires, and if she is able to care for her children. It is also unclear if Defendant is the only person who could, as a practical matter, attend to her and her children. Based on the record before it, the Court has insufficient information to make this determination.

    **5.**    **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, ECF No. 262. If Defendant's circumstances have changed, or if he can provide some indication that Brookshire is incapacitated and without other readily available assistance, then the Court would welcome a renewed motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Dyquawn Northern's motion for compassionate release, ECF No. 262, be and the same are hereby **DENIED;**

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 277, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's motions to supplement the record, ECF Nos. 282, 283, 285, 286, 287, 289, be and the same are hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge