# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DYQUAWN L. NORTHERN,<br><br>        Defendant. | Case No. 13-CR-62-2-JPS<br><br>**ORDER** |

  Defendant Dyquawn L. Northern ("Defendant") is currently on supervised release in this matter. *See* FED. BUREAU OF PRISONS, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited July 17, 2025) (noting that Defendant is not in the custody of the Bureau of Prisons as of April 5, 2023); ECF No. 176 at 3 (imposing five-year term of supervised release). As part of his conditions of supervised release, Defendant was ordered to pay restitution in the following amounts:

- Buy money expended by law enforcement to purchase controlled substances in an undercover capacity, in the total amount of $4,360.00, at a rate of not less than $50.00 per month, joint and several with codefendants Bobby Coleman, Jr. ("Coleman"), Tyrell Jefferson ("Jefferson"), Marcus Ford ("Ford"), and Bobby Strickland ("Strickland");

- Damages to a Hertz rental car in the amount of $18,913.01, at a rate of not less than $50.00 per month, joint and several with Coleman and Jefferson; and

- Funeral expenses in the total amount of $9,141.50 to the parents of a victim, at a rate of not less than $50.00 per month, joint and several with Jefferson.

ECF No. 176 at 3–4. Defendant's total restitution obligation is therefore $32,414.51. Defendant was also ordered to "apply 100 percent of any annual federal and/or state income tax refund(s) toward payment of any restitution balance." *Id.* at 4.

The Clerk of Court has advised the Court that Defendant has paid $13,295.03 toward his financial obligations in this case, whereas Coleman has paid $760.00, Ford has paid $900.00, and Jefferson has paid $750.00.

Defendant recently moved the Court to "reconsider [his] restitution payment responsibility." ECF No. 302 at 1. He believes that he is the only codefendant making payments toward restitution and feels this is unfair "given the involvement of other co-defendants." *Id.* at 2. He requests that the Court "review the restitution order and grant appropriate relief by redistributing the restitution liability among all responsible parties or by modifying the payment structure to ensure fairness." *Id.*

The Court will deny Defendant's request. As Defendant acknowledges, he has "shared responsibility" with his codefendants for restitution. *Id.* At the time of sentencing, "[i]f the [C]ourt finds that more than 1 defendant has contributed to the loss of a victim, [it] may make *each* defendant liable for payment of the *full* amount of restitution . . . ." 18 U.S.C. § 3664(h) (emphasis added). Alternatively, the Court is authorized to "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." *Id.* But the Court may not "remove the joint-and-several liability that has already been ordered." *United States v. Copeland*, No. 1:13-

CR-40-TLS-SLC, 2016 WL 3438499, at *2 (N.D. Ind. June 22, 2016). In *Copeland*, the district judge denied the defendant's post-sentencing motion to modify restitution and declined to "reapportion the liability for restitution" so that "all three co-defendants [who] were deemed responsible for the crime" would "be required to pay an equal share of the restitution." *Id.* at *1–2. While an individual defendant's restitution payment schedule may be modified if there is a "material change in the defendant's economic circumstances," 18 U.S.C. § 3664(k), "once judgment [h]as been entered against the defendant[,] the Court may not modify or cancel the total amount of restitution." *United States v. Wood*, No. 5:05-CR-44-2BO, 2013 WL 1222685, at *1 (E.D.N.C. Mar. 25, 2013) (citing *United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006)) (denying defendant's request to reduce restitution payments or "forgive[]" the remainder of restitution through "reapportionment of liability among the defendants").

The Court determined at sentencing, as it was authorized to do under 18 U.S.C. § 3664(h), that joint and several orders of restitution against Defendant and several of his codefendants were most appropriate. That is, the Court declined to apportion liability at sentencing, instead "imposing full liability on each defendant" for one or more different losses (buy money, rental car, victim's funeral expenses). *U.S. v. Sensmeier*, 361 F.3d 982, 990 (7th Cir. 2004) (citing 18 U.S.C. § 3664(h) and *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002)). This means that "the full amount of joint and several restitution may be recovered from [Defendant] and [Defendant] alone, and need not be paid via equal contribution from each responsible co-defendant." *United States v. Corbitt*, No. 19 CR 75 1 JPS, 2023 WL 4627698, at *10 n.7 (E.D. Wis. July 19, 2023) (citing *Sensmeier*, 361 F.3d at 990). The Court is not now permitted to revisit that decision. *See Copeland*, 2016 WL

3438499, at *2; *Wood*, 2013 WL 1222685, at *1; *see also United States v. Polukhin*, No. 15-261 ADM/BRT, 2017 WL 923204, at *2 (D. Minn. Mar. 8, 2017), *aff'd*, 896 F.3d 848 (8th Cir. 2018) (declining to reduce individual defendant's restitution by the amount that a codefendant failed to pay).[1]

Accordingly,

**IT IS ORDERED** that Defendant Dyquawn L. Northern's motion to reconsider restitution payment responsibility, ECF No. 302, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] Defendant also states that his tax refunds totaling approximately $11,000 were seized from him in 2024 and 2025 and applied toward his restitution payments. ECF No. 302 at 2. If Defendant believes that this was done in error, it was not, as application of any tax refund is a condition of his supervised release. ECF No. 176 at 4.