# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DYQUAWN L. NORTHERN,

        Defendant.

Case No. 13-CR-62-2-JPS

**ORDER**

Defendant Dyquawn Northern ("Defendant") served a term of 138 months of imprisonment for a charge of conspiracy to distribute heroin causing death. *See* ECF Nos. 176 (original judgment), 305. On April 5, 2023, he began a five-year term of supervised release. ECF No. 305 at 1.

In April 2026, Defendant, acting pro se, filed a motion for early termination of his term of supervised release. ECF No. 304. He asserts that early termination is warranted because he has successfully completed a portion of his term of supervised release, maintaining compliance with all conditions and "demonstrat[ing] significant rehabilitation and stability" during that time. *Id.* at 1.

The Court may terminate a term of supervised release in felony cases after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this assessment, the Court reconsiders each of the sentencing factors provided in 18 U.S.C. § 3553(a). *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011).

The Court directed the U.S. Probation Office for the Eastern District of Wisconsin ("Probation") to respond to Defendant's request. Apr. 9, 2026 text order. Probation, in turn, consulted with the United States Attorney for the Eastern District of Wisconsin and provided a memorandum to the Court outlining the opinion of each stakeholder. ECF No. 305. Probation as well as the United States Attorney for the Eastern District of Wisconsin, through Assistant United States Attorney Gail Hoffman, recommend that Defendant remain on supervision at this time because a portion of the restitution for which Defendant is jointly and severally responsible with his co-defendants remains outstanding. *Id.* at 3. Importantly, Probation notes that Defendant *has* "personally contributed $13,645.03," through personal payments and tax refunds, towards the total imposed joint and several restitution amount of $32,514.51. *Id.*

After careful review and consideration of the materials provided by Probation, the Court concludes that early termination is appropriate at this juncture. Defendant has complied with the requirements of his term of supervised release and has demonstrated rehabilitation and stability. It is true, as Probation notes, *id.*, that the wording of Defendant's judgment of conviction will prevent further collection of his criminal debt upon his discharge from supervised release. However, in light of the fact that Defendant has paid far more toward the joint and several restitution amount than his co-defendants, *see id.* and ECF No. 303 at 2, the Court is satisfied that Defendant has fulfilled his financial responsibility in this matter. Having weighed the sentencing factors enumerated in 18 U.S.C. 3553(a) against the parties' arguments and the record in this case, the Court finds that early termination of Defendant's supervised release is warranted. *See* 18 U.S.C. §§ 3583(e)(1), 3553(a).

Consequently, the Court will grant Defendant's motion and—absent any violations of the applicable conditions in the meantime—will order that his term of supervised release terminate effective **July 1, 2026**.

Accordingly,

**IT IS ORDERED** that Defendant Dyquawn L. Northern's motion for early termination of supervised release, ECF No. 304, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant's term of supervised release shall terminate effective **July 1, 2026**.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge